# Exhibit F

William E. Thomson, Jr. (SBN 47195)
wthomson@brookskushman.com
BROOKS KUSHMAN P.C.
6701 Center Drive, Suite 610
Los Angeles, CA 90045
Tel.: (310) 348-8200
Fax: (310) 846-4799

Mark A. Cantor
mcantor@brookskushman.com
John S. Le Roy
jleroy@brookskushman.com
Marc Lorelli
mlorelli@brookskushman.com
BROOKS KUSHMAN P.C.
1000 Town Center, Twenty-Second Floor
Southfield, MI 48075
Tel.: (248) 358-4400
Fax: (248) 358-3351

*Attorneys for Plaintiff Ancora Technologies, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| ANCORA TECHNOLOGIES, INC. <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | Case No. 2:10-cv-10045-AG-MLGx <br><br> **ANCORA'S OPPOSITION TO APPLE'S MOTION TO TRANSFER VENUE** <br><br> Hearing Date: December 12, 2011 <br> Time: 10:00 AM <br> Place: Courtroom 10D, Santa Ana <br> Judge: Hon. Guilford |
| APPLE, INC. <br><br> Counterclaimant, <br><br> ANCORA TECHNOLOGIES, INC. <br><br> Counterdefendant. | |

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................ ii

I. INTRODUCTION ...............................................................................................1

II. ARGUMENT........................................................................................................2

    A. The Unique Facts of the 2009 Microsoft Litigation Favoring Transfer to the Western District of Washington are Not Present Here ..........................................................................................................2

    B. The *Jones* Factors Weigh Against Transfer .........................................3

        1. This Court's Familiarity with the Governing Law Weighs Against Transfer................................................................ 3

        2. Plaintiff's Choice of Forum Weighs Against Transfer............. 3

        3. The Parties' Contacts With This Forum Pertaining To the '941 Patent Weigh Against Transfer ......................................... 4

        4. Any Differences in the Costs of Litigation Are Mutual ............ 6

        5. Availability of Compulsory Process of Unwilling Witnesses ..................................................................................... 7

    C. The Interests of Justice Favor This Forum...........................................7

        1. Localized Interests Weighs Against Transfer........................... 7

        2. Relative Congestion Weighs Against Transfer......................... 7

        3. The Court's Familiarity with the Case Is Neutral..................... 8

III. CONCLUSION....................................................................................................9

# TABLE OF AUTHORITIES

## Cases

*Aloft Media, LLC v. Adobe Sys.*,
　2008 U.S. Dist. LEXIS 23601 (E.D. Tex. Mar. 25, 2008) ............................6

*Carolina Cas. Co. v. Data Broadcasting Corp.*,
　158 F.Supp2d 1044 (N.D.Cal. 2001) ............................3

*Decker Coal Co. v. Commonwealth Edison Co.*,
　805 F.2d 834 (9th Cir. 1986) ............................4

*Gherebi v. Busch*,
　352 F.3d 1278 (9th Cir. 2003) ............................3

*In re Volkswagen of America, Inc.*,
　545 F.3d 304 (5th Cir. 2008) ............................6

*Jones v. GNC Franchising, Inc.*,
　211 F.3d 495 (9th Cir. 2000) ............................3

*Los Angeles Memorial Coliseum Comm'n v. National Football League*,
　89 F.R.D. 497 (C.D. Cal. 1981) ............................4

*Plasco Inc. v. Auten*,
　No. CV C95-20146 SW, 1995 WL 354870 (N.D.Cal. June 7, 1995) ............................3

*Saleh v. Titan Corp.*,
　361 F.Supp.2d 1152 (C.D.Cal. 2005) ............................7

*Van Dusen v. Barrack*,
　376 U.S. 612, 646, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) ............................3, 6

# I. INTRODUCTION

Apple's motion to transfer venue should be denied because:

- Ancora resides in this District, and Ancora selected this District to litigate its patent dispute.
- Relevant third parties are located in this District, whereas Apple has not identified any third parties in the Northern District.
- Ancora developed, constructed and commercialized the invention of the '941 patent in this District.
- Apple has only identified two Apple witnesses in the Northern District, and one of them has already been deposed.
- Apple has already produced or made available most of the relevant evidence in this case.
- The circumstances of the 2009 Microsoft litigation favoring transfer in what this Court called "a case involving unusual facts" are non-existent here.

Nothing distinguishes this case for transfer to the Northern District. Apple merely seeks to move this case away from Ancora to the Northern District to establish home field advantage in this litigation.

Apple's motion should be denied.

## II. ARGUMENT

### A. The Unique Facts of the 2009 Microsoft Litigation Favoring Transfer to the Western District of Washington are Not Present Here

This Court's decision to transfer the 2009 Microsoft litigation to the Western District of Washington arose from "a case involving unusual facts." (Rondini Decl., Ex. A, 2/27/09 Order at 1.)

In that case, Ancora alleged that Microsoft's "SLP" technology infringed the '941 patent. (*Id.* at 2.) Ancora filed that lawsuit while inventor Mullor was still working for Microsoft in the Western District of Washington. Microsoft terminated Mullor, and sued him in Washington for, *inter alia*, breach of his employment agreement arising from circumstances of the patent litigation. (*Id.* at 2.) Mullor's employment agreement was executed in Washington. (*Id.* at 7.) The agreement included a clause stating that <u>exclusive jurisdiction</u> for any action arising out of the agreement would lie in state or federal court in Washington. (*Id.* at 2, 9-10, underlining added.)

This Court held that the unique circumstances of Microsoft's claim against Mullor, and the parties' agreement regarding jurisdiction on the employment agreement, favored transfer of the case to the Western District of Washington. (*Id.* at 9-10.)

In this case, Apple has no lawsuit pending against Mullor in the Northern District of California like Microsoft did in Washington. Mullor has no employment agreement with Apple like he did with Microsoft, and the parties in this case have not agreed that the Northern District has "exclusive jurisdiction" over any claim in this case. The 2009 Microsoft litigation is inapposite on the issue of transfer in *this case*.

## B. The *Jones* Factors Weigh Against Transfer

In determining the convenience of the parties and witnesses, the Court may consider multiple factors, including: (1) the forum that is most familiar with the governing law, (2) the plaintiff's choice of forum, (3) the respective parties' contact with the forum, (4) the contacts relating to the plaintiff's cause of action in the chosen forum, (5) the differences in the costs of litigation in the two forums, (6) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (7) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)).

Transfer is not appropriate merely to shift the inconvenience from one party to another. *See Van Dusen v. Barrack*, 376 U.S. 612, 646, 84 S.Ct. 805, 824, 11 L.Ed.2d 945 (1964); *Plasco Inc. v. Auten*, No. CV C95-20146 SW, 1995 WL 354870, at *6 (N.D.Cal. June 7, 1995).

As explained below, each of the *Jones* factors either weighs against transfer in this case, or is neutral. Thus, Apple's motion should be denied.

### 1. This Court's Familiarity with the Governing Law is Neutral

Apple admits that this factor is neutral. (Motion at 4.) This District is in just as good a position to handle this case as the Northern District.

### 2. Plaintiff's Choice of Forum Weighs Heavily Against Transfer

"[T]here is a strong presumption in favor of plaintiff's choice of forum." *Gherebi v. Busch*, 352 F.3d 1278, 1303 (9th Cir. 2003). "[T]he general rule is that the plaintiff's choice of forum is afforded substantial weight." *Carolina Cas. Co. v. Data Broadcasting Corp.*, 158 F.Supp2d 1044, 1048 (N.D.Cal. 2001). Plaintiff's choice of forum is especially strong where it is the Plaintiff's domicile and has a connection to the subject matter of this case, like in the present case. *See,*

*e.g., Los Angeles Memorial Coliseum Comm'n v. National Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Ancora is located in Sherman Oaks, California. (Rondini Decl., Ex. B, Saavedra Decl.¶ 4.) Prior to this address, Ancora operated in Irvine. (*Id.* at ¶ 3.) Ancora developed prototype technologies and successfully created Ancora Online, a security product based on the technology of the '941 patent. (*Id.* at ¶ 3.) Ancora also had business dealings and/or discussions with several California based companies including Electronic Arts, MicroMedia, Macrovision, BAE Systems, Phoenix Technologies, Active Card and the Warner Brothers Music Group located in Hollywood. (*Id.*) These dealings all centered on the technology of the '941 patent developed in this District. (*Id.*)

Apple contends that the design and development of the infringing Apple products took place in the Northern District. (Motion at 6 and 8.) However, Apple has already produced more than <u>10,000</u> pages of relevant documents, including its design documents for the accused products. (Rondini Decl., ¶6.) Apple has also agreed to make any relevant source code available to Ancora at the office of Apple's litigation counsel. (Rondini Decl., ¶7.) Because Apple has already made the vast majority of relevant evidence available to Ancora, the particular location at which Apple's products were *developed* is not relevant to this transfer motion.

This factor weighs strongly against transfer.

### 3. The Parties' Contacts With This Forum Pertaining To the '941 Patent Weigh Against Transfer

Apple contends that its "potential witnesses and its relevant records reside in Northern California." As for witnesses, Apple's initial disclosures only identified <u>one</u> relevant Apple employee residing in the Northern District – Dallas De Atley. (Rondini Decl., Ex. E, Apple's Initial Disclosures.) In its motion, Apple also

identifies Michael Brouwer and Jerry Hauck as relevant employees whom Ancora has noticed for deposition. (Motion at 6.) However, Hauck resides in Florida (Motion at 6), and Brouwer has already been deposed (Rondini Decl. at ¶8).

In contrast, Ancora identifies a litany of relevant witnesses located in this District. Alberto Saavedra, the president of Ancora, resides in the Los Angeles area and maintains the Sherman Oaks address. (*Id.* at ¶ 4.) Dan Weil also resides in the greater Los Angeles area, namely, Calabasas. (*Id.* at ¶ 6.) The company that owned the '941 patent before Ancora, Bebble Inc., was also located in Irvine and had a place of business in this District. (*Id.* at ¶ 2.) Those individuals with Beeble that were involved with the technology of the '941 patent also reside in the Los Angeles area including: Blair Bryant (Newport Beach), Michael Sentovich (Newport Beach), Fred Fourcher (Newport Beach), Stuart Rose (Tustin). (*Id.* at ¶ 7.) Ancora also executed an alliance agreement with American Megatrends concerning the '941 patent which clearly lists Ancora's business address in the Central District. (*Id.*, ¶ 3.) Other individuals have also worked with Beeble and/or Ancora on technical development in this District: Dan Bright, Mark Andre, and Jeff Lorenzini. (Rondini Decl., Ex. D, Mullor Decl, ¶ 4.) Apple identified all of these third parties in its initial disclosures as "individuals likely to have discoverable information." (Rondini Decl., Ex. D, Apple's Initial Disclosures at 2-4.) In September 2009, Ancora presented its technology to the LA Times in an effort to commercialize aspects of the '941patent technology. (Rondini Decl., Ex. E, Presentation to LA Times and related e-mail correspondence.)

Apple sells its infringing "iOS" devices (e.g., iPhone, iPad, iPod, etc.) at Apple retail outlets located throughout this District:
- 1113 Newport Center Drive, Newport Beach, CA 92660
- 189 The Grove Dr., Los Angeles, CA 90036
- 8500 Beverly Blvd., Los Angeles, CA 90048
- 877 Americana Way, Glendale, CA 91210

- 2126 Glendale Galleria, Glendale, CA 91210
- 10250 Santa Monica Blvd. Los Angeles, CA 90067.

As explained above, Apple contends that that the design and development of the infringing Apple products took place in the Northern District, and that relevant documents are located there. (Motion at 6 and 8.) However, more than 10,000 pages of relevant documents and the relevant source code have already been produced or otherwise made available to Ancora. This fact weighs against transfer. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 322 (5th Cir. 2008)(documentary production has become insignificant in a 1404 calculus.); *Aloft Media, LLC v. Adobe Sys.*, 2008 U.S. Dist. LEXIS 23601, 12-13 (E.D. Tex. Mar. 25, 2008)("Any convenience or burden associated with electronic discovery bears little, if any, relation to the physical location of the underlying document.").

This factor weighs against transfer.

### 4.     Any Differences in the Costs of Litigation Are Mutual

Apple contends that its litigation costs would decrease if the case was transferred to the Northern District. (Motion at 8.) Apple cites no evidence other than a bald assertion that its documents and witnesses are located there. As explained above, however, Apple only identifies one relevant witness (De Atley) from the Northern District that is yet to be deposed, and Apple has already produced its relevant evidence. Of course, transferring this case to the Northern District would *increase* Ancora's expenses. Simply shifting litigation expenses from one party to another is an improper ground for transferring a case from one district to another. *See Van Dusen v. Barrack*, 376 U.S. 612, 646, 84 S.Ct. 805, 824, 11 L.Ed.2d 945 (1964) (Transfer is not appropriate merely to shift the inconvenience from one party to another.) This factor is neutral in the transfer analysis.

### 5. Availability of Compulsory Process of Unwilling Witnesses

Apple states that this factor is neutral. (Motion at 8.) However, Apple has not identified a single relevant third party. Ancora, in contrast, has identified multiple third parties from this District relevant to the development of the patented technology and Ancora's efforts to commercialize that technology. "[T]he convenience of non-party witnesses is <u>the more important factor</u>." *Saleh v. Titan Corp.*, 361 F.Supp.2d 1152, 1160 (C.D.Cal. 2005). Thus, this factor weighs against transfer.

## C. The Interests of Justice Favor This Forum

### 1. Localized Interests Weighs Against Transfer

Apple acknowledges that having localized interests decided at home is a key factor in the transfer analysis. (Motion at 9.) As explained above, the Central District has always been Ancora's "home." Ancora is located here, many of the relevant witnesses are located here, and Apple is infringing Ancora's '941 patent throughout this District. In this case, the interests of justice would be *disserved* by transferring the litigation to the Northern District. As explained in the multi-factor analysis above, there is no legitimate basis for removing this case from Ancora's chosen forum.

### 2. Relative Congestion Weighs Against Transfer

As this Court noted in its transfer Order in the Microsoft litigation, this factor weighs against transfer when a pending trial date is less than one year away. (Rondini Decl., Ex. A, 2/27/09 Order at 10.) Trial in this case is scheduled to begin in September 2012. (Dkt. #30.) As this Court found in the Microsoft litigation:

> transfer could potentially delay trial by six months or more. This factor weighs against transfer.

(Rondini Decl., Ex. A, 2/27/09 Order at 10.)

### 3. The Court's Familiarity with the Case Is Neutral

Apple admits that this factor is neutral because neither this Court nor the Northern District has heard substantive issues in this case. (Motion at 10.)

### III. CONCLUSION

For the reasons set forth above, Apple's motion to transfer should be denied.

Dated: November 21, 2011

Respectfully submitted,

BROOKS KUSHMAN P.C.

By: /s/ John S. LeRoy
Mark A. Cantor
mcantor@brookskushman.com
John S. LeRoy
jleroy@brookskushman.com
Marc Lorelli
mlorelli@brookskushman.com
1000 Town Center, Twenty-Second Floor
Southfield, MI 48075
Tel: (248) 358-4400 -- Fax: (248) 358-3351

William E. Thomson, Jr. (SBN 47195)
wthomson@brookskushman.com
6701 Center Drive, Suite 610
Los Angeles, CA 90045
Tel: (310) 348-8200 -- Fax: (310) 846-4799

*Attorneys for Ancora Technologies, Inc.*