# Exhibit Y

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **CUB CLUB INVESTMENT, LLC,** *Plaintiff,* | § § § § | |
| v. | § § § | 6-20-CV-00856-ADA |
| **APPLE, INC.,** *Defendant,* | § § § § | |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

Before the Court is Defendant Apple, Inc.'s ("Apple") Motion to Transfer Venue to the Northern District of California ("NDCA") pursuant to 28 U.S.C. § 1404(a). ECF No. 21. The Mot. to Transfer was filed on November 24, 2020. *Id.* Plaintiff, Cub Club Investment, LLC, ("CCI") filed its response on December 9, 2020. ECF No. 26. Apple filed its reply on December 16, 2020. ECF No. 27. After considering all related pleadings and the relevant law, the Court is of the opinion that Apple's Motion should be **GRANTED**.

### Background

CCI filed this action on September 18, 2020, pursuant to the Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). ECF No. 1. Plaintiffs allege that Apple infringes on the following copyrights: (1) Nos. VAu 001-204-290, (2) VAu 001-186-920, (3) VAu 001-152-200, (4) VAu 001-152-192, (5) VAu 001-152-187, (6) VAu 001-180-102, and (7) VAu 001-152-204 (collectively, "Works"). ECF No. 1 ¶ 1.

On November 24, 2020, Apple filed an opposed Mot. to Transfer under 28 U.S.C. § 1404. Defendant's Opposed Mot. to Transfer to the Northern District of California (hereinafter "Mot. to Transfer"), ECF No. 21. In its motion, Apple argues transfer to the NDCA is proper because the convenience of the parties and interests of justice weigh in favor of transfer. *Id.* at

1

4–10. On December 9, 2020, CCI filed a response to Apple's Mot. to Transfer, opposing transfer to NDCA and asking the Court to transfer to the Galveston Division of the Southern District of Texas in the alternative. Pls.' Resp. in Opp'n to Defs.' Mot. to Transfer Venue. (hereinafter "Resp."), ECF No. 26. On December 16, 2020, Apple filed a reply. Def's. Reply in Supp. of Def's. Mot. to Transfer Under 28 U.S.C. § 1404(a) (hereinafter "Reply"), ECF No. 27.

**Legal Standard**

Whether to transfer venue is a preliminary issue that must be addressed at the outset of a federal action and must take "top priority in the handling of this case." *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003). The Court may transfer an action to any district or division where it might have been brought if that transfer serves "the convenience of parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202–03 (5th Cir. 2004) [*Volkswagen I*]. If that inquiry is satisfied, the Court determines whether transfer is proper by analyzing and weighing various private and public interest factors. *Humble Oil & Ref. Co. v. Bell Marine Serv.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law).

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with

2

the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.* In applying these factors, the court enjoys considerable discretion and assesses the case "on an 'individualized, case-by-case consideration of convenience and fairness.'" *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) (quotation omitted). The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *See id.* Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314–15. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

## Discussion

I. **The *Volkswagen* Private and Public Interest Factors Favor Transfer to the Northern District of California.**

In order to determine whether Apple has demonstrated good cause, the Court must weigh the private and public interest factors cataloged in *Volkswagen II*. The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."

3

*Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). If, when added together, the relevant private and public interest factors are in equilibrium, or even if they do not clearly lean in favor of the transferee venue, the motion must be denied. *Volkswagen II*, 545 F.3d at 315. Once again, the Court's ultimate inquiry is which forum will best serve the convenience of the parties and the interests of justice. *Koster v. Am. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527 (1947). Here, when weighing the *Volkswagen* private and public interest factors, the Court finds that Apple has shown that the NDCA is "clearly more convenient" than the Western District of Texas ("WDTX").

### a. The Private Interest Factors Clearly Establish that the Northern District of California is a More Convenient Venue.

In considering private factors, the Court necessarily engages in a comparison between the hardships the defendant would suffer through the retention of jurisdiction and the hardships the plaintiff would suffer from transferring the action to the transferee venue. *Cf. Iragorri v. United Technologies Corp.*, 274 F.3d 65, 74 (2d Cir. 2001) (stating courts engage in such a comparison for *forum non conveniens* analyses). The Court will assess each of these factors in turn.

#### i. The Relative Ease of Access to Sources of Proof

In considering "the relative ease of access to sources of proof," a court looks to where documentary evidence, such as documents and physical evidence, is stored. *Volkswagen II*, 545 F.3d at 316. Parties must "describe with specificity the evidence they would not be able to

4

obtain if trial were held in the [alternate forum]." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981).

In its motion, Apple, relying upon a previous copyright case, *Carruth v. Michot*, No. A-15-CA-189-SS, 2015 WL 6506550, at *15 (W.D. Tex. Oct. 26, 2015), alleges that this action should be treated similarly to patent infringement actions in that the accused infringer maintains the sources of proof relevant to the action. Mot. to Transfer at 5. Under this assumption, Apple argues that this factor must thus favor transfer since all of the documents "concerning Apple's development, design, and implementation of emoji with skin-tone variation were generated and are stored in the NDCA, where the teams responsible for emoji-related work are based," and it is where Apple's financial documents will be located which Apple argues is relevant for CCI's damages claim. *Id.* at 6.

CCI counters that "while Apple asserts that a majority of its documents and evidence are located in California, Apple has an actual office … in the District with computer access such that access to the documents from the District is not difficult." Resp. at 6. This is undoubtedly true, but accessibility alone is not the test. *See, e.g., Wet Sounds, Inc. v. Audio Formz, LLC*, 2017 WL 4547916, at *2 (W.D. Tex. Oct. 11, 2017). The fact that documents may be stored electronically does not undermine the import of their location as "the Fifth Circuit [has] clarified that despite technological advances that make the physical location of documents less significant, the location of sources of proof remains a 'meaningful factor in the analysis.'" *Wet Sounds, Inc. v. Audio Formz, LLC*, No. A-17-CV-141- LY, 2017 WL 4547916, at *2 (W.D. Tex. Oct. 11, 2017), *rep. & rec. adopted*, No. 1:17-CV-141-LY, 2018 WL 1219248 (W.D. Tex. Jan. 22, 2018) (quoting *Volkswagen II*, 545 F.3d at 315).

Given (1) that Apple resides in the NDCA and (2) that the accused features were apparently developed at Apple's offices in California, the Court here finds this factor weighs in favor of transfer to NDCA.

### ii. The Availability of Compulsory Process to Secure the Attendance of Witnesses

When balancing this factor, the Court considers the availability of compulsory process to secure the attendance of witnesses whose attendance may require a court order. *Volkswagen II*, 545 F.3d at 316. When "a proper venue that does enjoy *absolute* subpoena power . . . is available," that fact favors transfer. *See Id.* at 316–17; *Gemalto S.A. v. CPI Card Grp. Inc.*, No. CV A-15-CA- 0910-LY, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). A court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person,"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). As party witnesses almost invariably attend trial willingly, "[w]hen no party has alleged or shown any witness's unwillingness, a court should not attach much weight to the compulsory process factor." *CloudofChange, LLC v. NCR Corp.*, No. 6-19-cv-00513 (W.D. Tex. Mar. 17, 2020) (citation omitted).

Here, Apple points to four likely third-party witnesses who reside in the NDCA. Mot. to Transfer at 7. Rather than refute these four potential witnesses, CCI claims there are other potential witnesses who both parties have already identified that are outside the subpoena power of both this Court and the NDCA. Resp. at 7. In replying, Apple reiterates its identified witnesses

6

while also noting that the out of the four other potential witnesses outside of both the Courts subpoena power, three witnesses are party witnesses. Reply at 4.

Absent any showing of unwillingness, the Court will generally not attach much weight to this factor. However, while Apple has pointed out at least four third-party witnesses that a Court in the NDCA could compel to appear if necessary, CGI has been unable to identify any third-party witnesses that might require the use of this Court's subpoena power. For that reason, the Court finds that this factor weighs very slightly in favor of transfer to the NDCA.

### iii. The Cost of Attendance for Willing Witnesses

Witness convenience "is probably the single most important factor in transfer analysis." *Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*, No. 6:15-CV-00091, 2016 WL 6909479, at *7 (W.D. Tex. Jan. 28, 2016) (citation omitted).

To assist in analyzing this factor, the Fifth Circuit adopted a "100-mile rule." *Volkswagen I*, 371 F.3d at 204–205; *see also Volkswagen II*, 545 F.3d at 317. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–05. Consequently, the threshold question is whether the movant's proposed venue and a plaintiff's chosen venue are more than 100 miles apart. *See Volkswagen II*, 545 F.3d at 317. If the distance is greater, then a court will consider the distances between the witnesses and the two proposed venues. *See id.*

As previously stated by this Court, "given typical time limits at trial, the Court does not assume that all of the party and third-party witnesses listed in 1404(a) briefing will testify at trial." *Fintiv, Inc.*, 2019 WL 4743678, at *6. Indeed, the Court assumes only a few party witnesses and even fewer non-party witnesses (if any) will testify at trial. *Id.* Consequently, long

7

lists of potential party and non-party witnesses do not affect the Court's analysis for this factor. *Id.*

Here, Apple argues that "all of the likely witnesses with knowledge of Apple's development of emoji with skin-tone variation are in the NDCA, except for one," the one being Peter Edberg, who lives in Oregon. Mot. to Transfer at 4-5. Furthermore, Apple claims that there is not a single likely witness who resides or works in the WDTX nor does a single likely witness' work bring them to Apple's Austin campus. *Id.* at 5. As well, Apple points to potential third-party witnesses who reside either in the NDCA or on the West Coast. *Id* at 7 ("At least four likely third-party witnesses reside in the [NDCA]: (1) …[Celia] Vigil, (2) Shervin Afshar…, …(3) Chris Wilson…, and (4) Matt Evans…"). In sum, Apple argues that if this action was tried in the WDTX, it "would require almost every witness Apple is aware of, including all third-party witnesses, to travel from the West Coast." *Id.*

In countering Apple's claims, CCI claims that Apple's argument fails as a threshold matter since it fails to outline the substance of the identified specific witness testimony and therefore the witnesses alleged cannot be considered for this analysis. Resp. at 2. In addition, CCI argues that there are at least 7,000 employees in the Austin campus who likely have knowledge and documents relevant to this case. *Id.* While this may be true that the Austin campus houses 7,000 employees in this District, there is no evidence cited by CCI that demonstrates a single employee from the Austin campus has knowledge and/or documents relevant to this case.

CCI also argues that there are a handful of witnesses that do not reside in California. These witnesses that CCI points to are Katrina Parrott (co-founder of CCI), Peter Edberg (Apple employee), Katy Parrott (co-founder of CCI), Mark Davis (president of the Unicode

8

Consortium), Johnetta Queen (illustrator for CCI) and Gary Evans (software developer for CCI). *Id.* at 2-3. In pointing out each witness and their role and residing location, CCI argues that the WDTX "provides the most convenient and central location for trial." *Id.* at 3. However, this factor does not turn on which location is more central. CCI's own Response makes clear that while some (or even many) potential witnesses do not reside in California, they also do not live within the WDTX and will be just as inconvenienced to travel to either court. Furthermore, several of these witnesses are party witnesses and do not bear much weight under this factor.

Here, since Apple has identified a significant amount of witnesses that reside within the NDCA and CCI has failed to identify a single relevant witness in the WDTX, the Court believes this factor weighs in favor of transfer.

### iv. Other Factors That Make Trial Easy, Expeditious, and Inexpensive

Neither party utilizes this factor in arguing in favor or against transfer, therefore the Court finds this factor neutral.

### b. The Public Interest Factors Do Not Clearly Establish the Northern District of California is a More Convenient Venue.

The relevant public-interest factors, taken as a whole, are neutral. As previously noted, the relevant public-interest factors also do not favor transfer. As previously noted, these factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law governing the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law. *Volkswagen II*, 545 F.3d at 315. The Court will also consider each of these factors in turn.

### i. The Administrative Difficulties Flowing From Court Congestion

9

Administrative difficulties manifest when litigation accumulates in congested centers instead of being handled at its origin. *Gulf Oil*, 330 U.S. at 508. This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963); *Koehring Co. v. Hyde Constr. Co.*, 324 F.2d 295, 296 (5th Cir. 1963).

While the WDTX and the NDCA may have "historically had comparable times to trial for civil cases," the Court feels this has changed in recent years, at least with respect to the Waco Division. For example, recent data shows that "for patent cases since 2016, the average time to trial in NDCA was 34.1 months." *Demaray LLC v Samsung Electronics Co., et al.*, No. 6-20-cv-636-ADA, Dkt. #115 at 11 (W.D. Tex. Jul. 1, 2021). By contrast, this Court's Order Governing Proceedings – Patent Case ("OGP") sets patent cases for trial at 52 weeks after *Markman* hearings. And despite the large number of cases pending before this Court, the Court has been able to bring patent cases to trial approximately in accordance with its guidance in the OGP. *See, e.g., CloudofChange, LLC v. NCR Corporation*, No. 6-19-cv-00513 (W.D. Tex., filed Aug. 30, 2019) (20.3 months from case filing to trial); *VLSI Technology LLC v. Intel Corporation*, No. 6-21-cv-00057 (W.D. Tex., filed Apr. 11, 2019) (22.4 months from case filing to trial); *Freshub, Inc. et al v. Amazon.Com Inc. et al*, No. 6-21-cv-00511 (W.D. Tex., filed Jun. 24, 2019) (23.7 months from case filing to trial); *ESW Holdings, Inc. v. Roku, Inc*. No. 6-19-cv-00044 (W.D. Tex., filed Feb. 8, 2019) (25.9 months from case filing to trial). In other words, the time to trial for patent cases in the Waco Division is almost 12 months shorter on average than in the NDCA.

This is, of course, not a patent case, and the Court is not implying that the guidelines set forth in its OGP apply to copyright cases. The Court simply cites these statistical differences as

evidence of the relative speed with which the Waco Division of the Western District of Texas can bring a case to trial – even as its docket rapidly expands.

But even setting that aside, the trial backlog in NDCA caused by courthouse closures due to the COVID-19 pandemic beginning in March 2020 would make the time to trial for cases in general even longer. As Apple has pointed out previously, civil trials have been temporarily suspended in NDCA due to COVID-19, and jury trials were not set to resume until at least June 3, 2021—after more than one year since the COVID-19 pandemic began. *Neonode Smartphone LLC v. Apple Inc.*, 6:20-CV-00505-ADA, Memorandum Opinion and Order at 11-13. By contrast, this Court conducted its first patent jury trial during the COVID-19 pandemic in October 2020, and has since conducted at least seven jury trials. In the first half of 2021 alone, this Court conducted five patent jury trials in the Waco courthouse. Taken these into consideration, the differences in average time to trial in this Court and the NDCA could be much longer than 12 months. Therefore, this Court agrees with CCI and finds this factor weighs against transfer.

### ii. The Local Interest in Having Local Interests Decided at Home

There is "a local interest in having localized controversies decided at home." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947); *Piper Aircraft*, 454 U.S. 235, 260 (1981).

In its motion, Apple claims the NDCA has an interest in adjudicating this litigation since Apple is headquartered in Cupertino. Mot. to Transfer at 8. Apple then points out this District has "no plausible localized interest in this action" since CCI is located in a completely different district, the Southern District of Texas. *Id.* at 8. Furthermore, Apple argues that even though it has an Austin campus, none of the witnesses, evidence, claims, or defenses in this case has any connection to Austin. *Id.* at 8-9.

11

CCI, while not disputing the NDCA localized interest, counters Apple's arguments, stating that Apple's "significant ties to the [WDTX] are well known." Resp. at 7. While the Court is well aware of Apple's significant presence in this district, this particular action seemingly lacks any connection to the Austin campus. And CCI's allegations to the contrary lack any factual support. Therefore, since CCI fails to show that the WDTX has a greater interest in this action than the NDCA, the Court finds this factor weighs in favor of transfer.

### iii. The Familiarity of the Forum with the Law That Will Govern the Case

Both parties agree that this factor is neutral. Mot. to Transfer at 9; Resp. at 8. The Court also agrees.

### iv. The Avoidance of Unnecessary Problems of Conflict of Laws or the Application of Foreign Law

Both parties agree that this factor is neutral. Mot. to Transfer at 9; Resp. at 8. The Court also agrees.

## Conclusion

Having considered the private and public interest factors, Court's conclusions for each factor is summarized in the following table:

| Factor | The Court's Finding |
|---|---|
| Relative ease of access to sources of proof | Favors Transfer |
| Availability of compulsory process to secure the attendance of witnesses | Slightly Favors Transfer |
| Cost of attendance for willing witnesses | Favors Transfer |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Neutral |
| Administrative difficulties flowing from court congestion | Disfavors Transfer |
| Local interest in having local interests decided at home | Favors Transfer |
| Familiarity of the forum with the law that will govern the case | Neutral |
| Avoidance of unnecessary problems of conflict of laws or the application of foreign law | Neutral |

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer (ECF No. 21) is **GRANTED**. It is further **ORDERED** that the Clerk of the Court **TRANSFER** this case to the Northern District of California.

**SIGNED** this 7th day of September 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE